1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

NINA FRENCH,

               Plaintiff,

   v.

WASHINGTON STATE
DEPARTMENT OF HEALTH, et
al.,

              Defendants.

CASE NO. C15-0859JLR

ORDER GRANTING MOTION
FOR JUDGMENT ON THE
PLEADINGS AND GRANTING
LEAVE TO AMEND

16

## I.   INTRODUCTION

17
18
19
20

Before the court is Defendant Washington State Department of Health's ("the DOH") motion for judgment on the pleadings.  (Mot. (Dkt. # 23).)  The court has reviewed the motion, Plaintiff Nina French's letter in response to the motion, the DOH's reply in support of the motion, the relevant portions of the record, and the applicable law.

21
//

22
//

ORDER - 1

1    Being fully advised,[1] the court GRANTS the DOH's motion and GRANTS Ms. French

2    leave to amend her complaint for the reasons set forth below.

3                          **II.   BACKGROUND**

4        This case arises out of Ms. French's employment with divisions of the DOH at

5    various periods between 2010 and 2014.  (FAC (Dkt. # 18) Ex. 2 at 1.)  On June 4, 2015,

6    Ms. French, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed her first

7    complaint against the DOH.  (*See* Compl. (Dkt. # 3); IFP Mot. (Dkt. # 1); Order Granting

8    IFP Status (Dkt. # 2).)  Pursuant to Ms. French's request, the court ordered the United

9    States marshal to serve the DOH within 30 days of July 8, 2016.  (7/8/16 Order (Dkt.

10   # 13) (citing 28 U.S.C. § 1915(d) (Upon an IFP plaintiff's request, "the officers of the

11   court shall issue and serve all process.")).)

12       After the DOH was served, Ms. French filed another action, which the court

13   consolidated with this matter.  (10/4/16 Order (Dkt. # 17).)  Because Ms. French intended

14   to amend her complaint rather than file a new case, the court construed Ms. French's

15   filing as her amended complaint when it consolidated the two cases.  (*Id.*; FAC.)  In her

16   amended complaint, Ms. French alleges that the DOH engaged in "[w]histleblower

17   retaliation, sexual harassment[,] and use of disability to do psychological damage."

18   (FAC at 2.)  Ms. French asserts a claim under Title VII of the Civil Rights Act of 1964

19   and alleges that this discrimination occurred between about January 1, 2013, and the

20

21   _____

22       [1] Neither party requested oral argument, and the court finds that oral argument would not be helpful to its consideration of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

1    "present."  (*Id.*)  Ms. French also contends that she filed an Equal Employment

2    Opportunity Commission ("the EEOC") charge against the DOH on May 29, 2014, and

3    received a right to sue letter on March 18, 2014.[2]  (*Id.*)

4          On October 31, 2016, the DOH filed the instant motion for judgment on the

5    pleadings for lack of subject matter jurisdiction and failure to state a claim.[3]  (*See* Mot. at

6    1.)  On November 29, 2016, the DOH filed a reply brief in support of its motion and

7    noted that Ms. French had not filed any opposition to the DOH's motion.  (Reply (Dkt.

8    # 28) at 2 ("While plaintiff's failure to respond to the motion is not dispositive, her

9    failure to respond with facts or counter arguments leaves [the] DOH's arguments to stand

10   or fall on their own merits in the evaluation of the [c]ourt.").)  After the DOH filed its

11   reply, Ms. French left a voicemail message in which she announced that she did not know

12   she had to respond to the DOH's motion (*see* 12/2/16 Order (Dkt. # 30) at 1) and filed a

13   letter requesting "forgiveness for my lack of education regarding Civil Rights law . . . and

14   how the legal system operates (12/5/16 Letter (Dkt. # 31) at 1 (ellipsis in original).)  Ms.

15   French's December 5, 2016, letter also repeats some of the factual allegations included in

16   _____

17   [2] The date on which Ms. French alleges that she received the right to sue letter appears to be a scrivener's error.

18   [3] Ms. French's amended complaint also names "WFSE/AFSCME" and "FDA Center for
     Veterinary Medicine" as defendants.  (*See* FAC at 1.)  Those two defendants have not answered
19   Ms. French's amended complaint or otherwise appeared in the case.  (*See* Dkt.)  Indeed, Ms.
     French has not asked the United States marshal to serve those defendants.  (*See id.*; 6/3/16 Letter
20   (Dkt. # 12) (asking the court to order service on the DOH).)  However, the court concludes that
     this order applies with equal force to "WFSE/AFSCME" and "FDA Center for Veterinary
21   Medicine" and dismisses Ms. French's complaint against them for failure to state a claim.  *See
     infra* § III.B; 28 U.S.C. § 1915(e) (giving district courts authority to review IFP complaints and
22   dismiss them if "at any time" the court determines that an IFP complaint is frivolous or fails to
     state a claim on which relief may be granted).

her amended complaint and makes new factual allegations.  (*Compare* FAC, *with* 12/5/16 Letter.)  Ms. French does not, however, respond to the DOH's motion.  (*See* 12/5/16 Letter.)

### III.   ANALYSIS

**A.   Legal Standard**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

When a Rule 12(c) motion "'raises an issue as to the court's subject matter jurisdiction . . ., the district judge will treat the motion as if it had been brought under Rule 12(b)(1).'" *Ass'n of Apartment Owners of Pomaikai v. McDonough*, No. 13-00254 DKW KSC, 2014 WL 692917, at *3 (D. Haw. Feb. 20, 2014) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed. 2004)); *see also Leigh v. Salazar*, No. 3:11-cv-00608-HDM-WGC, 2013 WL 1249824, at *1 (D. Nev. Mar. 26, 2013).  "Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction." *See Leigh*, 2013 WL 1249824, at *1.

Where the moving party seeks dismissal for failure to state a claim, "[a] Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable." *Manchester v. Ceco Concrete Constr., LLC*, No. C13-0832RAJ, 2014 WL 6684891, at *3 (W.D. Wash. Nov. 24, 2014).  "In fact, the same standard applies to both." *Id.*  Accordingly, "[i]n considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and

1   must construe those allegations in the light most favorable to the plaintiff." *United States*

2   *v. In re Seizure of One Blue Nissan Skyline Auto. & One Red Nissan Skyline*, 683 F.

3   Supp. 2d 1087, 1088 (C.D. Cal. 2010) (citing *Pillsbury, Madison & Sutro v. Lerner*, 31

4   F.3d 924, 928 (9th Cir. 1994)).  To survive a motion for judgment on the pleadings, "a

5   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

6   relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

7   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v.*

8   *Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility when the

9   plaintiff pleads factual content that allows the court to draw the reasonable inference that

10  the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

11          The court, however, need not accept as true a legal conclusion presented as a

12  factual allegation.  *Id.*  Although Federal Rule of Civil Procedure 8 does not require

13  "detailed factual allegations," it demands more than "an unadorned, the-defendant-

14  unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).  A pleading

15  that offers only "labels and conclusions or a formulaic recitation of the elements of a

16  cause of action" will not survive a motion to dismiss under Federal Rule of Civil

17  Procedure 12(b)(6).  *Id.*  A complaint does not survive dismissal where "it tenders 'naked

18  assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at

19  557).  In addition, "[a] plaintiff suing multiple defendants 'must allege the basis of [her]

20  claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which

21  requires a short and plain statement of the claim to put defendants on sufficient notice of

22  the allegations against them.'" *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103

1 (E.D. Cal. 2014) (quoting *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal.

2 1988)).

3       "Because [a motion to dismiss and a motion for judgment on the pleadings] are

4 analyzed under the same standard, a court considering a motion for judgment on the

5 pleadings may give leave to amend and 'may dismiss causes of action rather than grant

6 judgment.'" *Manchester*, 2014 WL 6684891, at *3 (quoting *Moran v. Peralta Cmty.*

7 *Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)).

8 **B.    The DOH's Motion**

9       The DOH seeks judgment on the pleadings and dismissal of Ms. French's

10 amended complaint for lack of subject matter jurisdiction and failure to state a claim

11 upon which relief may be granted.  (Mot. at 1.)  Specifically, the DOH argues that—to

12 the extent Ms. French alleges such claims—Ms. French's federal whistleblower

13 retaliation claims, Americans with Disability Act ("ADA") claim, Age Discrimination in

14 Employment Act ("ADEA") claim, and "claim related to personal property" should be

15 dismissed for want of subject matter jurisdiction.  (*See id.* at 6-9.)  The DOH also

16 contends that Ms. French fails to state a claim under Title VII of the Civil Rights Act, the

17 ADA, the ADEA, Washington law, and the Collective Bargaining Agreement ("CBA") to

18 which Ms. French was subject during her employment.  (*Id.* at 9-20.)

19       Ms. French's amended complaint contains few allegations related to her claims.

20 (*See* FAC; Exhibits (Dkt. ## 18-1, 18-2).)  Instead, Ms. French relies on 160 pages of

21 attachments to supply the substance of her complaint.  (*See* Exhibits.)  For this reason,

22 Ms. French's amended complaint is legally deficient and fails to allege facts sufficient to

1    support a plausible claim to relief.  Ms. French "may not attach a large number of

2    exhibits to [her complaint] with the expectation that the [c]ourt will read the exhibits and

3    extract the necessary factual pieces to construct a cognizable claim on [Ms. French's]

4    behalf." *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153,

5    1178-79 (W.D. Wash. 2015) (internal quotation marks omitted).

6         Further, the court concludes that the DOH's arguments have merit, particularly in

7    light of Ms. French's failure to respond substantively to the DOH's motion.  For

8    example, the DOH argues that the court does not have subject matter jurisdiction over

9    this action because to the extent Ms. French intends to bring a claim under the federal

10   Whistleblower Protection Act ("WPA"), the WPA applies only to certain federal

11   government employees and does not provide a private cause of action.  (*See* Mot. at 6-7.)

12   In addition, Eleventh Amendment sovereign immunity appears to bar Ms. French's

13   federal discrimination claims and any claim she intends to bring under 42 U.S.C. § 1983.

14   (*See id.* at 7-9.)  Ms. French has not met her burden of establishing that the court has

15   subject matter jurisdiction over these claims.  *See Leigh*, 2013 WL 1249824, at *1.

16        The DOH also makes the following arguments:  (1) Ms. French fails to state a

17   claim under Title VII of the Civil Rights Act because she failed to timely file a charge

18   with the EEOC and does not plausibly allege facts to support a claim of gender

19   discrimination (*id.* at 11-12); (2) Ms. French fails to state a claim under the ADA because

20   she alleges no facts to support a plausible inference that she ever told the DOH she had a

21   disability, that her disability impacted her ability to perform the essential functions of her

22   employment, or that she required a reasonable accommodation to perform her job (*id.* at

ORDER - 7

1    13); (3) Ms. French fails to state a claim under the Washington Law Against

2    Discrimination ("WLAD") because Ms. French has not complied with the "necessary

3    prerequisites to filing [such a] suit against the State" (*id.* at 16, 20); (4) Ms. French fails

4    to state a claim under Washington's Fourth Amendment because "courts in Washington

5    have continuously refused to recognize a common law cause of action for enforcement of

6    rights protected by the Washington Constitution" (*id.* at 17); and (5) Ms. French fails to

7    state a claim under Washington unfair labor practices law because any such claim is

8    barred by the applicable statute of limitations (*id.* at 19-20).  The court agrees that Ms.

9    French's complaint does not contain sufficient factual allegations to state a claim under

10   Title VII, the ADA, or Washington law.  For these reasons, the court dismisses Ms.

11   French's complaint for lack of subject matter jurisdiction and failure to a state a

12   cognizable claim.

13          However, because Ms. French is proceeding *pro se*, the court declines to enter

14   judgment as a matter of law and allows Ms. French one additional attempt to allege

15   cognizable claims.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th

16   Cir. 2003) (citing Fed. R. Civ. P. 15(a) and noting that the policy favoring amendment is

17   to be applied with "extreme liberality"); *see also Manchester*, 2014 WL 6684891, at *3.

18   The court directs Ms. French to pay close attention to the following principles.  First, if

19   Ms. French chooses to amend her complaint, the court instructs Ms. French to carefully

20   consider the deficiencies discussed above.  The court will interpret a failure to cure those

21   deficiencies as an indication that further amendment would be futile.  *See Foman v.*

22   *Davis*, 371 U.S. 178, 182 (1962) (noting that futility of amendment may preclude

1  additional amendment).  Second, the court cautions Ms. French that any amended

2  complaint she files will supersede her previous complaints in this manner, *see Lacey v.*

3  *Maricopa Cty.*, 693 F.3d 896, 927-28 (9th Cir. 2012) (noting that "the general rule is that

4  an amended complaint super[s]edes the original complaint and renders it without legal

5  effect"), and that she may not rely on dozens of pages of exhibits from which she expects

6  the court to "construct a cognizable claim," *Holy Ghost Revival Ministries*, 98 F. Supp.

7  3d at 1178-79 (internal quotation marks omitted).  Instead, Ms. French must include in

8  her complaint "a short and plain statement of the grounds for the court's jurisdiction" and

9  "a short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R.

10  Civ. P. 8(a); *see also Harrell v. Hornbrook Cmty. Servs. Dist.*, No.

11  2:14-cv-01595-KJM-GGH, 2015 WL 5329779, at *4 (E.D. Cal. Sept. 10, 2015) ("While

12  documents definitional to a claim may be attached to the complaint, . . . it is not

13  appropriate to submit a myriad of evidentiary exhibits.  The complaint becomes a large

14  evidentiary mess where the defendant is unsure of what to plead to, and unsure of what is

15  presumed true for the purposes of a motion to dismiss.").  Third, the court will not

16  entertain further requests for favorable treatment.  Even though Ms. French is proceeding

17  *pro se*, she must comply with the Federal Rules of Civil Procedure and the Local Civil

18  Rules for the Western District of Washington.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th

19  Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other

20  litigants."), *overruled on other grounds by Lacey*, 693 F.3d at 925.  Finally, Ms. French

21  must file her amended complaint, if any, within 14 days of the date of this order, and

22  failure to file an amended complaint will result in dismissal of this case with prejudice.

1

## IV.    CONCLUSION

2          For the reasons set forth above, the court GRANTS the DOH's motion for

3  judgment on the pleadings (Dkt. # 23) and DISMISSES Ms. French's amended complaint

4  WITHOUT PREJUDICE.  The court DIRECTS Ms. French to carefully consider the

5  deficiencies the court notes above in filing any amended complaint.  Ms. French's second

6  amended complaint, if any, is due within 14 days of the date of this order.

7          Dated this 25th day of January, 2017.

8

9

10  _____

11  JAMES L. ROBART
   United States District Judge

12

13

14

15

16

17

18

19

20

21

22