UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINA FRENCH,<br><br>            Plaintiff,<br>    v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF HEALTH, et al.,<br><br>            Defendants. | CASE NO. C15-0859JLR<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND VACATING JUDGMENT |

## I.   INTRODUCTION

Before the court is Plaintiff Nina French's motion for reconsideration of the court's February 13, 2017, order of dismissal and judgment. (MFR (Dkt. ## 35, 36); 2/13/17 Order (Dkt. # 33); Judgment (Dkt. # 34).) The court has considered Ms. French's motion, Defendant Washington State Department of Health's ("the DOH") response to the motion (MFR Resp. (Dkt. # 38)), the relevant portions of the record, and

//

ORDER - 1

the applicable law. Being fully advised,[1] the court GRANTS Ms. French's motion for reconsideration for the reasons set forth below.

## II.     BACKGROUND

This case arises out of Ms. French's employment with divisions of the DOH at various periods between 2010 and 2014.  (FAC (Dkt. # 18) Ex. 2 at 1.)  On June 4, 2015, Ms. French, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed her first complaint against the DOH.  (*See* Compl. (Dkt. # 3); IFP Mot. (Dkt. # 1); Order Granting IFP Status (Dkt. # 2).)  Pursuant to Ms. French's request, the court ordered the United States marshal to serve the DOH within 30 days of July 8, 2016.  (7/8/16 Order (Dkt. # 13) (citing 28 U.S.C. § 1915(d)).)

After the DOH was served, Ms. French filed another action, which the court consolidated with this matter.  (10/4/16 Order (Dkt. # 17).)  Because Ms. French intended to amend her complaint rather than file a new case, the court construed Ms. French's filing as her amended complaint when it consolidated the two cases.  (*Id.*; FAC.)  In her amended complaint, Ms. French alleged that the DOH engaged in "[w]histleblower retaliation, sexual harassment[,] and use of disability to do psychological damage."  (FAC at 2.)  Ms. French asserted a claim under Title VII of the Civil Rights Act of 1964 and alleged that this discrimination occurred between about January 1, 2013, and the "present."  (*Id.*)  Ms. French also contended that she filed an Equal Employment

---

[1] Neither party requested oral argument, and the court finds that oral argument would not be helpful to its consideration of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

1  Opportunity Commission ("EEOC") charge against the DOH on May 29, 2014, and

2  received a right to sue letter on March 18, 2014.[2] (*Id.*)

3       On October 31, 2016, the DOH filed a motion for judgment on the pleadings for

4  lack of subject matter jurisdiction and failure to state a claim. (*See* MJOP (Dkt. # 23) at

5  1.) On January 25, 2017, the court dismissed Ms. French's amended complaint. (1/25/17

6  Order (Dkt. # 32).) The court concluded that Ms. French had failed to meet her burden of

7  establishing the court's subject matter jurisdiction (*id.* at 7) and to state a claim under

8  federal and state law (*id.* at 8).[3] The court nevertheless granted Ms. French leave to

9  amend and ordered her to file a second amended complaint, if any, no later than 14 days

10 after the entry of the court's order—February 8, 2017. (*Id.* at 8-9.) In light of Ms.

11 French's difficulty following the applicable rules and the court's orders, the court

12 instructed Ms. French to "carefully consider the deficiencies" in her amended complaint

13 and that the court would "interpret a failure to cure those deficiencies as an indication

14 that further amendment would be futile." (*Id.* at 8.) The court also instructed Ms. French

15 that any amended complaint she filed would supersede her earlier complaints and that she

16 could not rely solely on exhibits to construct a cognizable claim. (*Id.* at 9.) Finally, the

17 court cautioned Ms. French that it would not "entertain further requests for favorable

---

[2] The date on which Ms. French alleges that she received the right to sue letter appears to be a scrivener's error.

[3] Ms. French's first amended complaint also named "WFSE/AFSCME" and "FDA Center for Veterinary Medicine" as defendants. (*See* FAC at 1.) The court concluded that its January 25, 2017, order applied with equal force to "WFSE/AFSCME" and "FDA Center for Veterinary Medicine" and dismissed Ms. French's complaint against them for failure to state a claim. (1/25/17 Order at 3 n.3.)

treatment" and instructed Ms. French to comply with all applicable Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington. (*Id.*)

Ms. French's deadline for filing a second amended complaint passed on February 8, 2017, and Ms. French had filed nothing further in this matter. (*See generally* Dkt.; 2/13/17 Order.) Accordingly, on February 13, 2017, the court dismissed Ms. French's case with prejudice and entered judgment. (2/13/17 Order; Judgment.)

Several days later, Ms. French alerted the court that she had attempted to file a second amended complaint on February 9, 2017, one day after the deadline the court imposed. (*See* MFR.) However, Ms. French had again inadvertently opened a new case instead of filing a second amended complaint in this matter. (*See id.*) Ms. French then filed two letters with the court in which she explained her mistake and petitioned the court to keep this case open. (*See id.*)

After Ms. French's first letter was docketed in both matters, the Honorable Richard A. Jones transferred Ms. French's newly opened case—Case No. C17-0210—to the undersigned judge as related to Ms. French's earlier case—Case No. C15-0859. *French v. Wash. State Dep't of Health*, No. C17-0210JLR, Dkt. # 5 (W.D. Wash.). The court consolidated Ms. French's new case with this matter and construed Ms. French's letters as a motion for reconsideration of the court's February 13, 2017, order of dismissal and judgment. (3/2/17 Order (Dkt. # 37) at 4-6.) The court stated that Ms. French appeared to raise a new fact that she could not have reasonably brought to the court's attention earlier—that her intended second amended complaint was not placed on the docket in this matter prior to the court entering its order of dismissal and judgment. (*Id.*

at 5-6.)  The court ordered the DOH to respond to Ms. French's motion for reconsideration.  (*Id.*; *see also* MFR Resp.); Local Rules W.D. Wash. LCR 7(h)(3).

The court now addresses Ms. French's motion for reconsideration and the DOH's response.

### III.   ANALYSIS

Ms. French asks the court to reconsider its order of dismissal and reopen this case.  (*See* MFR.)  The DOH opposes Ms. French's motion to reconsider because even though Ms. French's "error in properly filing her amended complaint and inability to notify the court of her error prior to entry of the [o]rder of [d]ismissal may constitute new facts," Ms. French's "failure to offer [an] excuse or justification for her untimely filing in the first instance" does not merit the court's reconsideration.  (MFR Resp. at 2.) The DOH also argues that the court should not grant Ms. French relief under Federal Rule of Civil Procedure 60 because Ms. French presents no new allegations or evidence supporting such relief.  (*Id.* at 3.)  Finally, the DOH argues that "the net effect of granting [Ms. French's motion for] reconsideration . . . is to allow [her] to proceed under her second amended complaint," and that her intended second amended complaint merely "repackag[es] . . . the claims and facts she had pleaded twice before."  (*Id.* at 4.)

### A.     Legal Standard

"Motions for reconsideration are disfavored."  Local Rules W.D. Wash. LCR 7(h)(1).  The court may grant such a motion if the moving party demonstrates (1) "a showing of manifest error in the prior ruling," or (2) "a showing of new facts or legal

//

ORDER - 5

authority which could not have been brought to the [court's] attention earlier with reasonable diligence."[4] *Id.*

**B.     Motion to Reconsider**

The court concludes that Ms. French has demonstrated a new fact—that she attempted to file an amended complaint before the court's dismissal order—that she could not have brought to the court's attention earlier with reasonable diligence.[5] (*See* MFR.) This new fact warrants the court's reconsideration. Had the court known that Ms. French attempted to file a second amended complaint but inadvertently opened a new matter, the court would not have dismissed Ms. French's case and entered judgment on February 13, 2017, in light of the Ninth Circuit's instruction that "courts are to make reasonable allowances for *pro se* litigants." *McCabe v. Arave*, 827 F.2d 634, 639-40 (9th Cir. 1987).

The court finds little prejudice to the DOH from granting Ms. French's motion for reconsideration. Although Ms. French filed her second amended complaint one day late (*see* MFR), the court discerns no significant prejudice to the DOH from allowing Ms. French's second amended complaint to be filed on the docket, (*see generally* MFR Resp.); *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 622 (S.D. Cal. 2015)

---

[4] Because the court grants Ms. French's motion to reconsider pursuant to Local Civil Rule 7(h), , the court declines to address Federal Rule of Civil Procedure 60's standard for relief from a judgment. *See* Fed. R. Civ. P. 60; (MFR Resp. at 2-4.) However, even if the court were to consider Ms. French's motion under Rule 60, the court could reasonably find that the court should grant relief from its February 13, 2017, judgment due to mistake or inadvertence. Fed. R. Civ. P. 60(b)(1).

[5] The DOH does not dispute that Ms. French's mistake "may constitute new facts." (MFR Resp. at 2.)

1  ("Although the Court does not condone untimely filings, and will not hesitate to strike filings as untimely when circumstances warrant, the Court finds that in this case Defendants suffered no prejudice due to Plaintiffs' tardiness."); *Torbov v. Cenlar Agency, Inc.*, No. 14-cv-00130-BLF, 2015 WL 1940301, at *2 (N.D. Cal. Apr. 29, 2015) (considering an opposition filed two months after the deadline where there was no prejudice to the moving parties and "in light of the strong policy favoring resolution of cases on their merits"). Indeed, the DOH's own response indicates that the DOH will suffer little prejudice from being required to respond to Ms. French's second amended complaint. (MFR Resp. at 4 (stating that if the court grants reconsideration and vacates its February 13, 2017, order and judgment, the DOH "will draft a[nd] file a motion to dismiss on the same grounds the court has already considered").) Further, a fuller record will assist the court in determining whether the second amended complaint fails to remedy the deficiencies the court noted in its January 25, 2017, order. (*See id.*)

Nevertheless, the court once again instructs Ms. French that although she is proceeding *pro se*, she must comply with all applicable rules, including the timely filing of documents on the court's docket. (*See* 12/2/16 Order (Dkt. # 30) at 1-2; 1/25/17 Order at 8); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 927-28 (9th Cir. 2012). Accordingly, the court again directs Ms. French to consult the Federal Rules of Civil Procedure and Local Civil Rules for the Western District of Washington, specifically Local Civil Rule 7, which addresses the deadlines by which a litigant must respond to pending motions. *See* Local

1 | Rules W.D. Wash. LCR 7. Ms. French can also locate on the Western District of
2 | Washington's website materials that assist *pro se* litigants. *See Representing Yourself*
3 | *("Pro Se")*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/representingyourself-
4 | pro-se; *E-Pro Se*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/pro-se/e-pro-se.
5 | Finally, the court cautions Ms. French that it will strike from the docket any future
6 | untimely filings for which Ms. French cannot show good cause for her failure to comply
7 | with applicable deadlines. The court will not consider mistakes of the kind Ms. French
8 | has previously made good cause.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Ms. French's motion for reconsideration (Dkt. # 35) and VACATES its February 13, 2017, order of dismissal (Dkt. # 33) and judgment (Dkt. # 34). The court DIRECTS the Clerk to docket Ms. French's February 9, 2017, complaint (Dkt. # 36) as her second amended complaint.

Dated this 27th day of March, 2017.

JAMES L. ROBART
United States District Judge