UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINA FRENCH, | CASE NO. C15-0859JLR |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| WASHINGTON STATE DEPARTMENT OF HEALTH, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Defendant Washington State Department of Health's ("the DOH") motion to dismiss Plaintiff Nina French's second amended complaint.  (MTD (Dkt. # 44).)  Ms. French opposes the DOH's motion.  (MTD Resp. (Dkt. # 46); MTD Am. Resp. (Dkt. # 49-1).)  The court has considered the motion, the parties' submissions in support of and opposition to the motion, the relevant portions of the record, and the

//

1  applicable law.  Being fully advised,[1] the court GRANTS the DOH's motion for the

2  reasons set forth below.

## II.    BACKGROUND

4  This case arises out of Ms. French's employment with divisions of the DOH at

5  various periods between 2010 and 2014.  (*See* SAC (Dkt. # 40) at 8.)  On June 4, 2015,

6  Ms. French, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed her first

7  complaint against the DOH.  (*See* Compl. (Dkt. # 3); IFP Mot. (Dkt. # 1); IFP Order

8  (Dkt. # 2).)  Pursuant to Ms. French's request, the court ordered the United States

9  marshal to serve the DOH within 30 days of July 8, 2016, after considering Ms. French's

10  requests for appointment of counsel.  (7/8/16 Order (Dkt. # 13) (citing 28 U.S.C.

11  § 1915(d)); Orders on Appoint. Counsel (Dkt. ## 5, 6, 11).)

12  After the DOH was served, Ms. French filed another action, which the court

13  consolidated with this matter.  (10/4/16 Order (Dkt. # 17).)  Because Ms. French intended

14  to amend her complaint rather than file a new case, the court construed Ms. French's

15  filing as her amended complaint when it consolidated the two cases.  (*Id.*; FAC (Dkt.

16  # 18).)  On October 31, 2016, the DOH filed a motion for judgment on the pleadings for

17  lack of subject matter jurisdiction and failure to state a claim.  (*See* MJOP (Dkt. # 23) at

18  1.)  On January 25, 2017, the court granted the motion and dismissed Ms. French's

19  amended complaint.  (1/25/17 Order (Dkt. # 32).)  The court concluded that Ms. French

20  had failed to meet her burden of establishing the court's subject matter jurisdiction (*id.* at

---

22  [1] Neither party requested oral argument, and the court determines that oral argument would not help its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

7) and to state a claim (*id.* at 8).[2]  The court granted Ms. French leave to amend and

ordered her to file a second amended complaint, if any, no later than 14 days after the

entry of the court's order—February 8, 2017.  (*Id.* at 8-9.)  In light of Ms. French's

previous difficulty following court rules and orders, the court instructed Ms. French to

"carefully consider the deficiencies" in her amended complaint and that the court would

"interpret a failure to cure those deficiencies as an indication that further amendment

would be futile."  (*Id.* at 8.)  The court also instructed Ms. French that any amended

complaint she filed would supersede her earlier complaints and that she could not rely

solely on exhibits to construct a cognizable claim.  (*Id.* at 9.)  Finally, the court cautioned

Ms. French that it would not "entertain further requests for favorable treatment" and

instructed Ms. French to comply with all applicable Federal Rules of Civil Procedure and

the Local Civil Rules for the Western District of Washington.  (*Id.*)

　　　　Ms. French's deadline for filing a second amended complaint passed on February

8, 2017, and Ms. French had filed nothing further in this matter.  (*See generally* Dkt.;

2/13/17 Order (Dkt. # 33).)  Accordingly, on February 13, 2017, the court dismissed Ms.

French's case with prejudice and entered judgment.  (2/13/17 Order; Judgment (Dkt.

# 34).)

//

---

[2] Ms. French's first amended complaint also named "WFSE/AFSCME" and "FDA Center for Veterinary Medicine" as defendants.  (*See* FAC at 1.)  The court concluded that the reasoning behind its January 25, 2017, order applied with equal force to "WFSE/AFSCME" and "FDA Center for Veterinary Medicine" and dismissed Ms. French's complaint against them for failure to state a claim.  (1/25/17 Order at 3 n.3 (citing 28 U.S.C. § 1915(e)(3).)

Several days later, Ms. French alerted the court that she had attempted to file a second amended complaint on February 9, 2017, one day after the deadline the court imposed. (*See* MFR.) However, Ms. French had again inadvertently opened a new case instead of filing a second amended complaint in this matter. (*See id.*) Ms. French then filed two letters with the court in which she explained her mistake and requested that the court reopen the case. (*See id.*)

After Ms. French's first letter was docketed in both matters, the Honorable Richard A. Jones transferred Ms. French's newly opened case—Case No. C17-0210—to the undersigned judge as related to this case—Case No. C15-0859. *French v. Wash. State Dep't of Health*, No. C17-0210JLR, Dkt. # 5 (W.D. Wash.). The court consolidated Ms. French's new case with this matter and construed Ms. French's letters as a motion for reconsideration of the court's February 13, 2017, order of dismissal and entry of judgment. (3/2/17 Order (Dkt. # 37) at 4-6.) After ordering the DOH to respond to Ms. French's motion for reconsideration (*id.*; *see also* MFR Resp.); Local Rules W.D. Wash. LCR 7(h)(3), the court granted Ms. French's motion, vacated the judgment, and directed the Clerk to file Ms. French's second amended complaint on the docket (3/27/17 Order (Dkt. # 39) at 8). Ms. French's second amended complaint is now the operative complaint.

In the second amended complaint, Ms. French asserts claims against the DOH under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, and for age and sex

//

discrimination.[3]  (*See* SAC at 5.)  Although she does not expressly assert any other

claims, her complaint also refers to "whistleblower protection" (*id.* at 6; *see also id.* at 8),

violation of her Collective Bargaining Agreement ("CBA") (*id.* at 23, 25-27), and the fact

that some of her coworkers went through her personal belongings after the DOH laid her

off (*id.* at 8).

The DOH moves to dismiss with prejudice Ms. French's second amended

complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (*See*

MTD.)  Ms. French opposes the motion.  (MTD Resp.; MTD Am. Resp.)  The court now

addresses the DOH's motion to dismiss.[4]

### III.    ANALYSIS

As an initial matter, the court notes that the DOH liberally construes Ms. French's

second amended complaint to assert a variety of federal and state claims, even though she

does not directly assert many of them.  (*Compare* MTD, *with* SAC.)  Specifically, the

DOH moves to dismiss claims under the federal Whistleblower Protection Act ("WPA"),

---

[3] Ms. French also brings suit against Defendant WFSE/AFSCME.  (SAC at 20-21.) However, there is no indication that Ms. French has served WFSE/AFSCME, and WFSE/AFSCME has not appeared in this matter.  (*See* Dkt.)

[4] In its reply, the DOH argues that Ms. French's response to the motion is procedurally deficient because she did not sign the response.  (*See* MTD Reply (Dkt. # 47) at 1 (citing Fed. R. Civ. P. 11(a)).)  Under Federal Rule of Civil Procedure 11(a), "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."  Fed. R. Civ. P. 11(a).  On May 17, 2017—five days after the DOH's reply—Ms. French filed an amended response to the DOH's motion in which she apparently attempts to electronically sign the response.  (*See* MTD Am. Resp. at 4.)  Ms. French's correction satisfies the court, and the court will consider her response to the DOH's motion.  (*See generally id.*)  The court does not consider, however, any material contained in or attached to her amended response that was not filed with her original response because Ms. French filed it after the noting date for this motion.

5 U.S.C. § 2302; the ADA; the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C. § 621, *et seq.*; 42 U.S.C. § 1983; Title VII of the Civil Rights Act; the Washington

Law Against Discrimination ("WLAD"), RCW ch. 49.60; and Washington tort and unfair

labor practices law. (*See* MTD at 4-18.) Because the court must liberally construe Ms.

French's *pro se* complaint, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988), and Ms. French does not contend that she raised any additional claims (*see*

*generally* MTD Resp.), the court adopts the DOH's characterization of the claims Ms.

French asserts and addresses whether she has adequately stated a claim as to any of them.

**A.      Rule 12(b)(1)**

A motion to dismiss pursuant to Rule 12(b)(1) tests the court's subject matter

jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004);

*Holdner v. Or. Dep't of Agric.*, 676 F. Supp. 2d 1141, 1144 (D. Or. 2009). "When a

motion to dismiss attacks subject-matter jurisdiction under Rule 12(b)(1) on the face of

the complaint, the court assumes the factual allegations in the complaint are true and

draws all reasonable inferences in the plaintiff's favor." *City of L.A. v. JPMorgan Chase*

*& Co.*, 22 F. Supp. 3d 1047, 1052 (C.D. Cal. 2014); *see also Covarrubias v. Cty. of*

*Mono*, No. CIV. S-09-0613 LKK/KJM, 2009 WL 2590729, at *1 (E.D. Cal. Aug. 20,

2009) ("In a Rule 12(b)(1) motion [bringing a facial attack], the plaintiff is entitled to

safeguards similar to those applicable when a Rule 12(b)(6) motion is made.").

The DOH moves to dismiss Ms. French's claims pursuant to Rule 12(b)(1) on the

bases that the WPA does not apply to Ms. French (MTD at 4-5) and Eleventh

//

Amendment sovereign immunity is not waived or abrogated for ADA, ADEA, and

Section 1983 claims against the State (*id.* at 5-7).

    1. <u>Jurisdiction Under the WPA</u>

        The DOH argues that to the extent Ms. French alleges a claim under the WPA, her

claim fails because (1) she was not a federal employee and (2) there is no judicial review

of a WPA claim in district court before the claim is administratively reviewed.  (MTD at

4-5.)  "The Whistleblower Protection Act of 1989 was created to improve protection from

reprisal for federal employees who disclose, or blow the whistle on, government

mismanagement, wrongdoing, or fraud."  *Faz v. N. Kern State Prison*,

No. CV-F-11-0610-LJO-JLT, 2011 WL 4565918, at *6 (E.D. Cal. Sept. 29, 2011)

(internal quotation marks omitted).  Ms. French was a Washington State employee during

the events she alleges in her complaint, so the WPA does not apply to her.  (*See* SAC at 8

(stating that she worked at the Washington State Department of Health, Public Health

Laboratories in Shoreline, Washington)); 5 U.S.C. §§ 2302(a)(2)(B)-(C) (stating that the

WPA applies only to federal employees in a "covered position" in an "agency").

Furthermore, even if Ms. French were otherwise entitled to the WPA's protections, the

WPA does not provide for judicial review in district court prior to administrative review.

*See Kerr v. Jewell*, 836 F.3d 1048, 1054 (9th Cir. 2016).  Ms. French's complaint

contains no allegations that she was a federal employee at the time in question or

attempted administrative review before bringing her suit in federal district court.  (*See*

SAC; *see also* MTD Resp. (failing to mention any administrative review related to her

whistleblower allegations).)  For these reasons, Ms. French fails to establish the court's

subject matter jurisdiction over her WPA claim to the extent she intends to assert such a claim.

    2. <u>Sovereign Immunity</u>

The DOH next contends that the court does not have subject matter jurisdiction over Ms. French's ADA, ADEA, or Section 1983 claims because Washington has not consented to suit and Congress has not abrogated sovereign immunity for violations of these statutes. (*See* MTD at 5-6.)

"[A]gencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "Eleventh Amendment immunity extends to state departments, agencies, boards, and commissions, and to state employees acting in their official capacity because a suit against them is regarded as a suit against the State itself." *Planned Parenthood Ariz., Inc. v. Brnovich*, 172 F. Supp. 3d 1075, 1086 (D. Ariz. 2016). Accordingly, the DOH—a Washington State agency—is an arm of the state ordinarily immune from suit in federal court. A plaintiff can overcome the Eleventh Amendment bar only if the state has consented to waive its sovereign immunity or if Congress has abrogated the state's immunity. *See Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995). "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is [the] proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

### a. The ADA and ADEA

States are immune for suits seeking money damages under Title I of the ADA and the ADEA. Title I of the ADA "prohibits certain employers, including the States, from discriminating against a qualified individual with a disability because of the disability of such individual with regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, [and] job training." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (internal quotation marks omitted). The ADA does not abrogate Eleventh Amendment sovereign immunity for claims for monetary damages against a state, and Washington has not waived its sovereign immunity for Title I ADA claims. *See id.* at 374; *see also Minnis v. Washington*, --- F. App'x ----, 2017 WL 128094, at *2 (9th Cir. Jan. 13, 2017) ("The district court also properly granted summary judgment on [the plaintiff's] claims under Titles I and II of the ADA" because the state was immune from suit under the Eleventh Amendment.); *cf. Harrell v. Wash. State ex rel. Dep't of Soc. Health Servs.*, 285 P.3d 159, 169 (Wash. Ct. App. 2012) (holding that Washington had not "expressly waive[d] Washington's sovereign immunity to ADA claims filed in state court").

The ADEA "makes it unlawful for an employer, including a State, to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 66 (2000) (internal quotation marks omitted) (alteration in original). Like the ADA, the ADEA does not abrogate Eleventh Amendment immunity for suits for monetary damages, and Washington has not waived its sovereign immunity for such ADEA suits.

*Id.*; *see also Del Castillo v. Wash., Dep't of Soc. & Health Servs.*, No. C05-1122JLR, 2007 WL 2713035, at *4 (W.D. Wash. Sept. 14, 2007) (concluding that Washington has not waived its sovereign immunity for ADEA claims).

Whether the court has subject matter jurisdiction over Ms. French's ADA and ADEA claims turns on what relief she seeks for those alleged violations. Although Ms. French does not dispute the DOH's contention that she seeks monetary damages (*see* MTD Resp.), her complaint is unclear about what relief she seeks (*see* SAC at 6, 21). The court concludes that to the extent Ms. French seeks monetary damages for ADA and ADEA claims, Ms. French fails to adequately allege facts supporting the court's subject matter jurisdiction.[5]

    *b. Section 1983*

To the extent Ms. French intends to assert a 42 U.S.C. § 1983 claim for violation of the Fourth Amendment when her coworkers went through her belongings, the DOH contends that the Eleventh Amendment bars such a claim. (MTD at 7.) Washington State also enjoys Eleventh Amendment immunity from constitutional claims brought in federal court pursuant to Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-45

---

[5] To the extent Ms. French seeks relief other than money damages on these claims, the court addresses *infra* §§ III.B.2-3 whether Ms. French has adequately stated a claim under the ADA and ADEA. *See, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (citing 42 U.S.C. § 12117(a)) ("Title I of the ADA enables individuals who have suffered employment discrimination because of their disabilities to sue employers for . . . injunctive relief in federal court."). The court notes, however, that Ms. French does not name a state official as a defendant. *Alcala v. Cal. Dep't of Transp.*, No. C 09-5837 SI, 2010 WL 2975815, at *2 (N.D. Cal. 2010) (citing *Garrett*, 531 U.S. at 374 n.9; *Ex Parte Young*, 209 U.S. 123 (1908)) ("The Eleventh Amendment does not bar a suit against a state official seeking purely injunctive relief, and not money damages.").

(1979) (holding that Congress did not abrogate the states' Eleventh Amendment sovereign immunity when Congress enacted Section 1983); *Robinson v. Univ. of Wash.*, No. C15-1071RAJ, 2016 WL 4218399, at *8 (W.D. Wash. Aug. 9, 2016); *Bell v. Dep't of Soc. & Health Servs.*, No. C10-0376MJP-MAT, 2010 WL 3943520, at *1 (W.D. Wash. Aug. 24, 2010).

Ms. French must adequately allege the court's subject matter jurisdiction, but makes no showing in response to the DOH's challenge to her Section 1983 claim. (*See generally* MTD Resp.) The court concludes that any Section 1983 claim Ms. French brings against the DOH fails for lack of subject matter jurisdiction because the Eleventh Amendment bars suit against the State for money damages. (*See* SAC at 3, 18 (failing to name an individual state officer as a defendant)); *Robinson*, 2016 WL 4218399, at *8; *Alcala*, 2010 WL 2975815, at *2 (citing *Garrett*, 531 U.S. at 374 n.9; *Ex Parte Young*, 209 U.S. 123 (1908)) ("The Eleventh Amendment does not bar a suit against a state official seeking purely injunctive relief, and not money damages.").

Based on the foregoing analysis, the court dismisses Ms. French's WPA claim, ADA and ADEA claims for money damages, and Section 1983 claim.

**B.    Rule 12(b)(6)**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v.*

*Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557).

Even though Ms. French is a *pro se* litigant, her complaint is evaluated under the *Iqbal/Twombly* pleading standards. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)

(quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

The DOH moves to dismiss Ms. French's remaining claims on the basis that she fails to state a claim under Title VII of the Civil Rights Act, the ADA, the ADEA, and Washington law. (MTD at 10-18.) The DOH also urges the court to decline to exercise supplemental jurisdiction over any state law claims if the court dismisses all of Ms. French's federal claims—the basis of the court's original jurisdiction. (*See id.* at 13.) The court addresses each of those arguments in turn.

1. Title VII

The DOH argues that Ms. French's Title VII claim fails because she does not allege that she timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the DOH or facts to support a claim of sex discrimination. (*Id.* at 9.) If an employee who allegedly suffered discrimination does not submit a timely EEOC charge, the employee may not challenge the allegedly discriminatory practice in court. *See* 42 U.S.C. § 2000e-5; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2007) ("Simply put, § 2000e-5(e)(1) is a provision specifying when a charge is timely filed and only has the consequence of limiting liability because filing a timely charge is a prerequisite to having an actionable claim."). In Washington, an agency has "authority to grant or seek relief" from the alleged unlawful employment practice, so an aggrieved employee who is suing over a discrete act has 300 days in which to submit an EEOC charge. 42 U.S.C. § 2000e-5(e)(1); *Gillum v. Safeway Inc.*, No. C13-2047BJR, 2015 WL 1538453, at *11 (W.D. Wash. Apr. 7, 2015);

*Thompson v. N. Am. Terrazzo, Inc.*, No. C13-1007RAJ, 2015 WL 926575, at *7 (W.D. Wash. Mar. 4, 2015). An aggrieved employee "suing over a hostile environment must file an administrative complaint within . . . 300 days of *any act* that is part of the same hostile environment." *Thompson*, 2015 WL 926575, at *7. To adequately plead a case of Title VII discrimination, Ms. French must allege facts giving rise to the reasonable inference that: (1) she belongs to a class of persons protected by Title VII; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) her employer treated her differently than a similarly situated employee who does not belong to the same protected class as Ms. French. *See Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 976 (C.D. Cal. Nov. 4, 2015) (quoting *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)).

The court concludes that Ms. French fails to state a claim under Title VII for sex discrimination. First, Ms. French does not allege that she timely filed an EEOC charge. (*See* SAC; MTD Resp.) Although Ms. French attaches to her response an EEOC dismissal, the dismissal notice does not state when Ms. French initially filed the EEOC charge or what the EEOC charge alleged. (*See* SAC at 11.) Ms. French also offers no information in response to the DOH's argument regarding the EEOC charge. (*See* MTD Resp.) For this reason, the court cannot determine what acts of discrimination Ms. French alleged in her EEOC charge or reasonably infer that the allegations in her complaint are "like or reasonably related to the allegations contained in the EEOC charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (internal quotation marks omitted). Ms. French therefore fails to state a Title VII claim.

Even if Ms. French had alleged that she timely filed an EEOC charge, however, she fails to allege facts from which the court can reasonably infer discrimination against Ms. French on the basis of her sex. Construing the complaint in the light most favorable to Ms. French, she alleges three incidents that could be characterized as discriminatory conduct: (1) an employee "verbally attacked her" (SAC at 8); (2) after her return to work on March 16, 2014, the DOH hired a few other employees who did not have the seniority or skill set she had (*id.*); and (3) a coworker had shouted at her on a few occasions (*id.* at 23). Even after liberally construing these allegations, however, the court cannot plausibly infer a link between the allegations and Ms. French's sex or membership in any other protected class. (*See generally* SAC.) In addition, in Ms. French's response to the motion, she merely relays secondhand information about alleged harassment against another woman at the DOH and makes general statements about the status of women in society. (*See* MTD Resp. at 1 (stating that a woman told Ms. French "she was inappropriately touched by a supervisor and that there was some sexual incident"); *see also, e.g.*, *id.* ("[T]he court should have to acknowledge current and factual events, like . . . The Million Woman March . . . .").) Given Ms. French's failure to allege facts suggesting that she was treated "differently than a similarly situated employee who does not belong to the same protected class," *Gonzales*, 142 F. Supp. 3d at 976 (internal quotation marks omitted), Ms. French fails to state a Title VII claim for sex discrimination.

//

//

2.  <u>The ADA</u>

The DOH next argues that Ms. French fails to state an ADA claim under Title I. (MTD at 10-11.)  To allege Title I ADA discrimination, Ms. French must allege facts giving rise to the plausible inference that: (1) she is a disabled person within the meaning of the ADA; (2) she was able to perform the essential functions of the job with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability.  *See, e.g.*, *Falash v. Inspire Acads., Inc.*, No. 1:14-cv-00223-REB, 2016 WL 4745171, at *7 (D. Idaho Sept. 12, 2016) (citing *Allen v. Pac. Bell*, 348 F.3d 113, 114 (9th Cir. 2003); *Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005)); *Milsap v. U-Haul Truck Rental Co.*, No. CIV 06–0209 PHX RCB, 2006 WL 3797731, at *9 (D. Ariz. Dec. 20, 2006).

Although Ms. French's depression may constitute a disability under the ADA, *see Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1088 (9th Cir. 2001), she does not allege facts from which the court can reasonably infer that the DOH discriminated against her because of her disability.  Specifically, although she raises a failure to accommodate her disability in raising issues related to the CBA, Ms. French does not allege that she needed or requested a reasonable accommodation from the DOH or that the DOH knew she needed a reasonable accommodation.  (*See* SAC at 9 (alleging only that she "was never offered any 'reasonable accommodation' or any assurance that [she] would not be retaliated against" for raising issues related to the CBA).)  Ms. French also fails to allege facts from which the court can infer that her termination from the DOH occurred because of her disability.  (*See generally id.* (suggesting that Ms. French was improperly

terminated under the CBA); *see also* MTD Resp. at 3 (discussing Ms. French's

depression as an impediment to her interactions with the court system).)  Rather, she

alleges that Defendants did not follow the CBA, which led to her being laid off without

consideration for another position.  (*See id.* at 8.)  Because Ms. French's allegations do

not give rise to the plausible inference that Ms. French suffered an adverse employment

action due to her alleged disability, Ms. French fails to state an ADA claim.

3.  The ADEA

The DOH next contends that Ms. French's claim under the ADEA fails because

Ms. French's complaint omits "factual allegations regarding age discrimination."  (MTD

at 13.)  To adequately state a claim for age discrimination under the ADEA, Ms. French

must allege facts suggesting that (1) she is a member of a protected class; (2) she

satisfactorily performed her job; (3) the DOH terminated her; and (4) a substantially

younger person with equal or inferior qualifications replaced her.  *See, e.g.*, *Nidds v.*

*Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996); *see also Santillan v. USA*

*Waste of Cal., Inc.*, 853 F.3d 1035, 1043 (9th Cir. 2017).  For purposes of the ADEA, a

plaintiff is a member of a protected class if she is 40 years of age or older.  *See Santillan*,

853 F.3d at 1043 (stating that people 40 years of age and older are within the ADEA's

protected class).

Ms. French's second amended complaint—like her previous complaints—fails to

allege facts supporting critical elements of an ADEA claim.  First, Ms. French's second

amended complaint is devoid of any allegations regarding her age.  (*See* SAC); *Santillan*,

853 F.3d at 1043.  Second, although Ms. French alleges that the DOH hired some

employees with less seniority and a skill set inferior to hers (*id.* at 8), she does not allege

that these employees replaced her or that they were substantially younger (*see id.* (stating

that "Mr. Singh was not covered under the Collective Bargaining Agreement because he

had not fulfilled the seniority that [Ms. French] had. There were also two more

employees in the Environmental group that [she] know[s] did not have the seniority that

[she] had, or the skill set.")). Because of these insufficiencies, the court cannot

reasonably infer that the DOH is liable to Ms. French for violating the ADEA.

    4. <u>Claims Under Washington Law</u>

    The DOH urges the court to decline to exercise supplemental jurisdiction over any

state law claims Ms. French alleges. (*See* MTD at 13); 28 U.S.C. § 1367(c)(3) ("The

district courts may decline to exercise supplemental jurisdiction over a

claim . . . if . . . the district court has dismissed all claims over which it has original

jurisdiction."). The supplemental jurisdiction statute provides that when the district court

has original jurisdiction over a civil action, it will have supplemental jurisdiction "over

all other claims that are so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States

Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or

controversy when it shares a 'common nucleus of operative fact' with the federal claims

and the state and federal claims would normally be tried together." *Bahrampour v.

Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal citation omitted).

    However, a district court may in its discretion decline to exercise supplemental

jurisdiction over a claim if the district court has dismissed all claims over which it has

original jurisdiction. 28 U.S.C. § 1367(c)(3); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). Indeed, "[t]here is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed." *Wallace v. Smith & Smith Constr., Inc.*, 65 F. Supp. 2d 1121, 1123 (D. Or. 1999) (citing *Danner v. Himmelfarb*, 858 F.2d 515, 523 (9th Cir. 1988)) (declining to exercise supplemental jurisdiction over state law claims after dismissing the plaintiff's Title VII claims); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Discretion to decline the exercise of supplemental jurisdiction over state law claims is informed by "values of economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001.

Consistent with the Ninth Circuit's "strong preference" for declining supplemental jurisdiction in the absence of federal claims, *see Wallace*, 65 F. Supp. 2d at 1123, and in light of the dismissal of Ms. French's federal claims for lack of subject matter jurisdiction or failure to state a claim, the court declines to exercise supplemental jurisdiction over any state law claims Ms. French asserts, *see* 28 U.S.C. § 1367(c)(3).

5. Defendant WFSE/AFSCME

Under 28 U.S.C. § 1915(e), district courts must review the complaint of a plaintiff proceeding *in forma pauperis* and dismiss the complaint if the court determines at any time that the complaint is frivolous or fails to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Deere v. Brown*, No. 11cv1579 WQH (JMA), 2012 WL 4740328, at *1 (S.D. Cal. Oct. 3, 2012) (noting the mandatory nature of a district court's screening function under Section 1915). Ms. French's amended complaint also names WFSE/AFSCME as a defendant (*see* SAC), but that defendant has not answered Ms. French's amended complaint or otherwise appeared in the case and Ms. French has not asked the United States marshal to serve WFSE/AFSCME (*see* Dkt.; *cf.* 6/3/16 Letter (Dkt. # 12) (asking the court to order service on the DOH)). However, the court concludes that its rulings—with the exception of its sovereign immunity rulings— apply equally to the claims Ms. French appears to assert against WFSE/AFSCME, dismisses Ms. French's complaint against WFSE/AFSCME defendant for failure to state a federal claim to the extent Ms. French asserts such a claim, and declines to exercise supplemental jurisdiction over any state law claims against WFSE/AFSCME. *See supra* §§ III.A-B; (SAC at 20 (asserting claims for Title VII of the Civil Rights Act, ADA, and age and sex discrimination and stating allegations regarding WFSE/AFSCME's breach of the CBA)); 28 U.S.C. § 1915(e) (requiring district courts to review IFP complaints and dismiss them if the court determines at any time that an IFP complaint is frivolous or fails to state a claim on which relief may be granted).

6. Leave to Amend

The court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and must grant a *pro se* plaintiff leave to amend unless "it is absolutely clear" that the deficiencies in the complaint cannot be cured, *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015); *see also Block v. Wash. State Bar Assoc.*,

No. C15-2018RSM, 2016 WL 1464467, at *10 (W.D. Wash. Apr. 13, 2016) (denying

leave to amend based on the Eleventh Amendment); *Hupp v. Diaz*, No. ED

CV 14-2559-VAP (SP), 2015 WL 4208567, at *3 (C.D. Cal. May 28, 2015) (same);

*Wheeler v. Hilo Med. Ctr., Inc.*, No. 09-00533 JMS/KSC, 2010 WL 1711993, at *5 (D.

Haw. Apr. 27, 2010) (same).  However, a plaintiff does not enjoy unlimited opportunities

to state a claim.  *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming

the district court's dismissal of the plaintiff's third amended complaint without leave to

amend when it failed to cure the pleading deficiencies).  When a *pro se* party repeatedly

fails to cure deficiencies that the court identifies, the court may order dismissal without

leave to amend.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming

dismissal with prejudice where district court had instructed *pro se* plaintiff regarding

deficiencies in prior order dismissing claim with leave to amend).  Further, "[t]he district

court's discretion to deny leave to amend is particularly broad where plaintiff has

previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

1160 (9th Cir. 1989).

      Ms. French has amended her complaint twice without sufficiently establishing the

court's subject matter jurisdiction or stating a claim for which relief may be granted.  (*See*

Compl.; FAC; SAC.)  The court previously identified the deficiencies in Ms. French's

pleadings and granted her leave to amend.  (*See* 1/25/17 Order.)  In addition, the court

has provided Ms. French ample leeway to account for her filing mistakes and difficulty

following court orders and rules.  (*See* 10/4/16 Order (Dkt. # 17); 3/2/17 Order (Dkt.

# 37); 3/27/17 Order.)  Indeed, the court vacated the first judgment in this matter to

accommodate Ms. French's attempt to file a second amended complaint. (*See* 3/27/17 Order at 8.) However, Ms. French has been unable to adequately allege her claims in this litigation, and she proposes no avenue by which she would resolve the issues raised by the DOH's motion to dismiss or the deficiencies identified in the court's orders. (*See* MTD Resp.) Accordingly, the court concludes that it is "absolutely clear" that amendment would be futile, *Rosati*, 791 F.3d at 1039, and dismisses Ms. French's claims without leave to amend, *see Leadsinger, Inc. v. BMG Music*, 512 F.3d 522, 532 (9th Cir. 2008) (denying leave to amend because of the plaintiff's "repeated failure to cure deficiencies").[6]

## IV.     CONCLUSION

For the foregoing reasons, the court GRANTS the DOH's motion to dismiss (Dkt. # 44), DISMISSES Defendant WFSE/AFSCME pursuant to 28 U.S.C. § 1915(e)(2)(B), and DISMISSES this case with prejudice and without leave to amend.

Dated this 22nd day of May, 2017.

JAMES L. ROBART
United States District Judge

---

[6] The Federal Rules of Civil Procedure and Local Civil Rules limit the types of motion that would be procedurally proper following this order of dismissal and the court's entry of judgment. In light of Ms. French's history of inadvertently filing documents under the incorrect cause number, however, the court instructs her to file any subsequent documents in this matter with the cause numberNo. C15-0859JLR—and no other cause number—prominently displayed on the first page of the document.