UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINA FRENCH,<br><br>                      Plaintiff,<br>     v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF HEALTH, et al.,<br><br>                     Defendants. | CASE NO. C15-0859JLR<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION OR<br>TO VACATE THE JUDGMENT |

## I.    INTRODUCTION

Before the court is Plaintiff Nina French's letter in which Ms. French petitions to "reinstate" her case, asks for a magistrate judge to hear the case, or seeks relief from the appellate court. (*See* Mot. (Dkt. # 52) at 1.) The court liberally construes Ms. French's letter as a motion for reconsideration of the court's May 22, 2017, order or to vacate the judgment. (*See* 5/22/17 Order (Dkt. # 50); 2d Judgment (Dkt. # 51).) The court denies Ms. French's motion for the reasons set forth below.

## II. BACKGROUND

This case arises out of Ms. French's employment with divisions of the DOH at various periods between 2010 and 2014. (*See* SAC (Dkt. # 40) at 8.) On June 4, 2015, Ms. French, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed her first complaint against the DOH. (*See* Compl. (Dkt. # 3); IFP Mot. (Dkt. # 1); IFP Order (Dkt. # 2).) After considering and denying Ms. French's requests for appointment of counsel, the court ordered the United States marshal to serve the DOH within 30 days of July 8, 2016. (7/8/16 Order (Dkt. # 13) (citing 28 U.S.C. § 1915(d)); Orders on Appoint. Counsel (Dkt. ## 5, 6, 11).)

After the marshal served the DOH, Ms. French filed another action, which the court consolidated with this matter. (10/4/16 Order (Dkt. # 17).) Because Ms. French intended to amend her complaint rather than file the new case, the court construed Ms. French's filing as her amended complaint when it consolidated the two cases. (*Id.*; FAC (Dkt. # 18).) On October 31, 2016, the DOH filed a motion for judgment on the pleadings for lack of subject matter jurisdiction and failure to state a claim. (*See* MJOP (Dkt. # 23) at 1.) On January 25, 2017, the court granted the motion and dismissed Ms. French's amended complaint. (1/25/17 Order (Dkt. # 32).) The court concluded that Ms. French had failed to meet her burden of establishing the court's subject matter jurisdiction (*id.* at 7) and to state a claim (*id.* at 8). The court also concluded that the reasoning behind its order applied with equal force to Defendants WFSE/AFSCME and FDA Center for Veterinary Medicine and dismissed Ms. French's complaint against them for failure to state a claim. (*Id.* at 3 n.3 (citing 28 U.S.C. § 1915(e)(3)).)

The court granted Ms. French leave to amend and ordered her to file her second amended complaint, if any, no later than 14 days after the entry of the court's order—February 8, 2017. (*Id.* at 8-9.) In light of Ms. French's previous difficulty following court rules and orders, the court instructed Ms. French to "carefully consider the deficiencies" in her amended complaint and indicated that the court would "interpret a failure to cure those deficiencies as an indication that further amendment would be futile." (*Id.* at 8.) The court also instructed Ms. French that any amended complaint she filed would supersede her earlier complaints and that she could not rely solely on exhibits to construct a cognizable claim. (*Id.* at 9.) Finally, the court cautioned Ms. French that it would not "entertain further requests for favorable treatment" and instructed Ms. French to comply with all applicable Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington. (*Id.*)

Ms. French's deadline for filing a second amended complaint passed on February 8, 2017, and Ms. French had filed nothing further in this matter. (*See generally* Dkt.; 2/13/17 Order (Dkt. # 33).) Accordingly, on February 13, 2017, the court dismissed Ms. French's case with prejudice and entered judgment. (2/13/17 Order; 1st Judgment (Dkt. # 34).)

Several days later, Ms. French alerted the court that she had attempted to file a second amended complaint on February 9, 2017, one day after the deadline the court imposed. (*See* 2/16/17 Letter (Dkt. # 35).) However, Ms. French had again inadvertently opened a new case instead of filing a second amended complaint in this matter. (*See id.*)

Ms. French then filed two letters with the court in which she explained her mistake and requested that the court reopen the case. (*See id.*)

After Ms. French's first letter was docketed in both matters, the Honorable Richard A. Jones transferred Ms. French's newly opened case—Case No. C17-0210—to the undersigned judge as related to this case—Case No. C15-0859. *French v. Wash. State Dep't of Health*, No. C17-0210JLR, Dkt. # 5 (W.D. Wash.). The court consolidated Ms. French's new case with this matter and construed Ms. French's letters as a motion for reconsideration of the court's February 13, 2017, order of dismissal and entry of judgment. (3/2/17 Order (Dkt. # 37) at 4-6.) After ordering the DOH to respond to Ms. French's motion for reconsideration (*id.*; *see also* Resp. to Letter (Dkt. # 38)); Local Rules W.D. Wash. LCR 7(h)(3), the court granted Ms. French's motion, vacated the judgment, and directed the Clerk to file Ms. French's second amended complaint on the docket (3/27/17 Order (Dkt. # 39) at 6, 8).

On April 19, 2017, the DOH moved to dismiss Ms. French's second amended complaint. (MTD (Dkt. # 44).) The court granted the DOH's motion, concluding that Ms. French again failed to meet her burden of establishing the court's subject matter jurisdiction (5/22/17 Order at 7-11) and to state a federal claim for which relief may granted (*id.* at 13-18). In the absence of any claims over which the court had original jurisdiction, the court declined to exercise supplemental jurisdiction over any state law claims Ms. French intended to assert. (*Id.* at 18-19.) The court also dismissed Ms. French's claims against WFSE/AFSCME for failure to state a federal claim and declined

//

to exercise supplemental jurisdiction over any state law claims against WFSE/AFSCME.[1] (*Id.* at 20.)

On May 30, 2017, Ms. French filed a letter with the Clerk's Office in which she petitions to "reinstate" her case, asks for a magistrate judge to hear the case, and seeks relief from the appellate court.[2] (Mot. at 1.) Ms. French's letter rehashes many of the same details she has already put before the court, recounts personal stories about her family and educational pursuits, and describes the experiences of various co-workers while Ms. French worked for the DOH.[3] (*See generally id.*) The court liberally construes Ms. French's letter as a motion for reconsideration or to vacate the judgment and addresses each of those requests in turn.

### III. ANALYSIS

**A. Motion for Reconsideration**

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a

---

[1] Ms. French's second amended complaint dropped the FDA Center for Veterinary Medicine as a defendant. (*See* SAC.)

[2] To the extent Ms. French seeks relief from the Ninth Circuit Court of Appeals (*see* Mot. at 1 ("In the absen[c]e of all else, I would then ask to petition for submission to the appel[l]ate court.")), Ms. French must seek relief directly from that Court. Ms. French can find the Federal Rules of Appellate Procedure and Ninth Circuit Rules at http://www.ca9.uscourts.gov/rules/. In addition, the court cannot transfer a closed matter to a magistrate judge. *Cf.* Local Rules W.D. Wash. LCR 73 (In a pending case, "parties may request at any time that the court reassign the case to a magistrate judge.").

[3] Ms. French also asks whether "in order to have more information for the appel[l]ate court," she can "subpoena a witness and then use that in an appeal." (Mot. at 2.) Ms. French's question amounts to a request for legal advice, which the court may not provide.

showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Ms. French has not made any of the required showings to warrant reconsideration of the court's May 22, 2017, order and judgment. Ms. French's motion does not address—let alone show—manifest error in the court's prior ruling or new facts or legal authority that could not have been raised earlier. (*See generally* Mot.) Indeed, Ms. French's motion simply restates facts from her previous filings (*see* Mot. at 2-3 (describing her co-workers' experiences at the DOH)) or raises new facts that she could have brought to the court's attention earlier with reasonable diligence (*see id.* at 1 (stating Ms. French's age)) or that are irrelevant to Ms. French's claims (*see id.* at 2 (describing Ms. French's difficulties in pursuing her education and her older sister's death), 3 (discussing an inappropriate work environment while Ms. French was employed somewhere other than the DOH)). For these reasons, the court denies Ms. French's motion for reconsideration.

**B.     Motion to Vacate**

Federal Rule of Civil Procedure 60 provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" due to (1) "mistake, inadvertence, surprise, or excusable neglect," (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," (3) an opposing party's fraud, misrepresentation, or misconduct, (4) a void judgment, (5) a satisfied, released, or discharged judgment, or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Ms. French fails to identify a basis to vacate the judgment.

(*See generally* Mot.)  As the court discussed above, Ms. French merely reiterates facts previously before the court or provides irrelevant reasons for reopening her case.  (*See generally id.*); *supra* § III.A.  The court therefore denies the request to vacate the judgment.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Ms. French's motion to reconsider or vacate the judgment (Dkt. # 52).

Dated this 16th day of June, 2017.

JAMES L. ROBART
United States District Judge